**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ERIC BLACKA** | § | |
| | § | **CIVIL ACTION NO. 20-313** |
| **vs.** | § | **Jury Demand** |
| | § | |
| **VALERO SERVICES, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Eric Blacka (hereinafter "Plaintiff"), filing this his *Plaintiff's Original Complaint*, complaining of Valero Services, Inc., (hereinafter "Defendant" and/or "Valero"), and showing in support thereof as follows:

### I. PARTIES

1.      Plaintiff is a male citizen of the United States and a Texas resident, residing in Nueces County, Texas.

2.      Defendant is a foreign for-profit corporation authorized to do business in the State of Texas, and can be served by way of process via its registered agent, to wit: CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### II. JURISDICTION, VENUE & CONDITIONS PRECEDENT

3.      Defendant, at all relevant times hereto, was an employer as defined by and within the meaning of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), codified at 42 U.S.C. §12101, 29 U.S.C. §2611, and the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. §§2601 *et seq*. Defendant is engaged in interstate commerce while employing more than fifteen (15) persons.

4.      Plaintiff brings this action for compensation and other relief for violations under the ADA and the FMLA, in that Defendant has denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and/or the State of Texas, thereby invoking the federal question jurisdiction conferred upon this Court by 28 U.S.C. §1331.

5.      Plaintiff timely filed a Notice of Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), charge number 451-2020-02177.

6.      On October 3, 2020, Plaintiff received his *Dismissal and Notice of Rights* from the EEOC.

7.      Plaintiff has therefore complied with all conditions precedent and exhausted all administrative remedies prior to filing suit. Plaintiff now timely files this, his *Plaintiff's Original Complaint*, within ninety (90) days of receiving his *Dismissal and Notice of Rights*.

8.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District.

### III. FACTS

9.      Plaintiff worked for Defendant for over six (6) years as a technician/operator. Plaintiff was hired as a technician trainee and eventually worked his way up to a Technician VI. Plaintiff is also as individual living with a disability – specifically he is diagnosed with Nocturnal Epilepsy. Valero is aware of his disability.

10.     Plaintiff suffered multiple injuries during his career with Defendant. For instance, in or about May 2018, Plaintiff injured his right shoulder and was placed on medical leave pursuant to the Family and Medical Leave Act (hereinafter "FMLA") for approximately one month.

11.     Unfortunately, Plaintiff's problems with his right shoulder persisted and in (or about) November of 2018, he went out on FMLA leave again in order to have surgery. While out on

medical leave for that surgery, Plaintiff slipped and fell at home on January 1, 2019, and sustained several compression fractures to his vertebrae. Plaintiff received a full release to return to work without restrictions, allowing him to return on or about April 8, 2019.

12.     On or about April 27, 2019, Plaintiff had a seizure at home and re-injured his right shoulder, dislocating it and causing him to be out of work on FMLA leave again. As a result, on June 26, 2019, Plaintiff was disciplined with a "Final Warning" – even though he had not previously been disciplined. The final warning was for whiting-out/removing a sentence on a letter to his employer from his treating physician regarding that injury. Plaintiff removed the sentence because it was related to protected health information that his employer had not asked for. The removal of that sentence had no effect on his leave, treatment or his physician's statements to Defendant – but Plaintiff was given that final warning nonetheless. Ultimately, Plaintiff was cleared to return to work without restrictions effective July 19, 2019.

13.     Plaintiff worked without incident until, on or about February 20, 2020, when he had another seizure – this time at work – resulting in an injury, again to his right shoulder. Plaintiff also injured his arm and jaw/mouth.

14.     Plaintiff again was placed on FMLA leave, but was fully released to return to work without restrictions by the following physicians on the following dates:

- February 27, 2020, by Dr. Jorge Mendizabal – Neurologist;

- April 8, 2020, by Dr. Mance Cutbirth – Maxillofacial Surgeon;

- April 13, 2020, by Dr. Jeffery Schlimmer – Orthopedist;

- July 19, 2020, by Dr. Jeffery Schlimmer – Orthopedist; *and*

- July 19, 2020, by Dr. John Borkowski – Orthopedist.

15.     Unfortunately, Valero's self-chosen third party physician refused to release Plaintiff to return to work without restriction and Valero, therefore, refused to allow Plaintiff to return to work, eventually resulting in Plaintiff's administrative discharge on or about September 14, 2020.

## IV. COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

16.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17.     By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that Defendant maintains a pattern and practice of discriminating against disabled Americans, such as Plaintiff, in its employment practices. More specifically, Defendant, through its acts and omissions, unjustifiably terminated Plaintiff because he suffers from a disability, thereby resulting in the disparate treatment of Plaintiff.

18.     By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he suffers from an impairment that substantially limits one or more major life activities.

19.     By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he was hired by Defendant and, *ipso facto*, was qualified for his position based upon the requisite skill, experience, education and other job-related requirements for the position, as shown by the actions of Defendant.

20.     By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he can perform the essential functions of his job. Moreover, Plaintiff pleads that Defendant knew that Plaintiff did not need any accommodations and/or if Plaintiff did require any accommodations it was only because he was given unnecessary and discriminatory restrictions by Defendant's third-party physician.

21.     By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that his disability was the sole and/or another improper reason for Defendant's decision to terminate his employment, resulting in its disparate treatment of Plaintiff.

22.     Further, and in the alternative, Plaintiff pleads that he suffers from a physical impairment that is substantially limiting only because of the attitudes of others, including Defendant, toward the impairment.

23.     Further, and in the alternative, Plaintiff pleads that he may not suffer from an impairment that limits a major life activity at all, but is "regarded as" suffering from a substantially limiting impairment, as that term of art is defined by the ADA.

24.     Further, and in the alternative, Plaintiff pleads that Defendant utilized qualification standards, employment tests or other selection criteria, that serve to screen out or tend to screen out an individual with a disability or a class of individuals with disabilities and that said standards, tests, and other selection criteria are inconsistent with business necessity. The aforementioned discriminatory labor and employment law practices result in a disparate impact upon Plaintiff and similarly situated individuals, *in genere*.

**V. COUNT II**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

25.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i)(ii).

27.     Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i). Plaintiff had at least 1,250 hours of service with the Defendants during his last full year of employment.

28.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

5

29.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on an intermittent or block basis.

30.     Plaintiff alleges Defendant's unlawful actions in taking adverse actions against Plaintiff for requesting and/or taking leave for his own serious health condition, that made Plaintiff unable to perform the essential functions of his job, violates the Family and Medical Leave Act, justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, expenses, compensatory damages, liquidated damages, and punitive damages against Defendant.

31.     Plaintiff alleges Defendant's unlawful actions in taking an adverse action against him for requesting and taking leave to care for himself violate the Family and Medical Leave Act, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, expenses, compensatory damages, liquidated damages, and punitive damages against Defendants.

### VI. COUNT III
### VIOLATIONS OF THE
### EMPLOYMENT RETIREMENT INCOME SECURITY ACT OF 1974 "ERISA"

32.     Plaintiff was a participant in, and beneficiary of, employee benefit plans sponsored by Defendant which are subject to ERISA.

33.     At all relevant times Defendant acted as sponsor and administrator or co-administrator of the ERISA plans.

34.     Defendant violated ERISA by interfering with Plaintiff's employment by discriminating against Plaintiff and/or by terminating him in retaliation for exercising his rights, with the intent to interfere with the attainment of Plaintiff's entitled ERISA rights.

35.     At all times Defendant acted as the administrator and/or co-administrator of the ERISA plans. Defendant made representations to Plaintiff regarding his rights to benefits and rights under ERISA plans. Defendant by virtue of its position and conduct had fiduciary obligations imposed

upon it under ERISA, which it violated by conduct as described in the previous paragraphs.

## VII. DAMAGES

36.     Plaintiff pleads that Defendant, and its agents, employees and representatives, have caused Plaintiff grievous harm and damages. As a direct and proximate result of their violations of state and federal law, Defendant has caused Plaintiff to suffer lost past and future wages. Plaintiff is entitled to pecuniary damages for lost past and future wages to be determined at inquest.

37.     Plaintiff pleads that Defendant has caused him to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, intense feelings of depression, low self-esteem, humiliation, belittlement, shame, nausea, loss of sleep and appetite. Plaintiff will, in all likelihood and for the balance of his life, continue to suffer mental anguish. As such, Plaintiff is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.     Plaintiff pleads that Defendant violated Plaintiff's civil rights with malice or reckless indifference to his federally protected rights. As such, Plaintiff is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

39.     Plaintiff was forced to secure the undersigned counsel to protect his civil rights and, therefore, requests an award of attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits, he recover judgment against Defendant, said judgment entitling Plaintiff to:

1.     Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

2.     Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3.     Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4.      All costs of court expended in this lawsuit;

5.      Reasonable and necessary attorney's fees;

6.      A mandatory injunction reinstating Plaintiff's employment and employment
        benefits, retroactive to fees retroactive to the date of Plaintiff's termination;

7.      A mandatory injunction forbidding Defendant from violating rights secured by the
        Americans With Disabilities Act of 1990;

8.      A mandatory injunction forbidding Defendant from violating rights secured by the
        Family and Medical Leave Act; *and*

9.      Such other and further legal relief, either at law or equity, to which Plaintiff may
        be justly entitled.

                          Respectfully submitted,

                          **GALE LAW GROUP, PLLC**
                          711 N. Carancahua St., Suite 514
                          Corpus Christi, Texas 78401
                          Mailing Address:
                          P.O. Box 2591
                          Corpus Christi, Texas 78403
                          Phone Number: 361-808-4444
                          Fax Number: 361-232-4139

                          By: */s/ Amie Augenstein*
                          Amie Augenstein
                          *Attorney-in-Charge for Plaintiff*
                          Texas Bar No. 24085184
                          Southern District Bar No. 2236723
                          Amie@GaleLawGroup.com

                          */s/ Christopher J. Gale*
                          Christopher J. Gale
                          *Attorney for Plaintiff*
                          Texas Bar No. 00793766
                          Southern District Bar No. 27257
                          Chris@GaleLawGroup.com

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).